IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
SMALL CLAIMS DIVISION

| | |
|---|---|
| Brandon Gibson, | Case Number: _____ |
| *Plaintiff*, | Division: _____ |
| v. | |
| Comenity Capital Bank, | Ad Damnum: $2,000 + Atty Fees & Costs |
| *Defendant*. | JURY TRIAL DEMANDED |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Brandon Gibson**, ("**Mr. Gibson**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, **Comenity Capital Bank**, ("**Comenity**"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. Gibson against the Defendant for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et. seq.* ("**FCRA**").

### JURISDICTION

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and Section 34.01, Florida Statutes.

3. The Defendant is subject to the provisions of the FCRA and to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes.

4. Venue is proper in Polk County, Florida, pursuant to Section 47.051, Florida Statutes, because the acts complained of were committed and / or caused by the Defendant within Polk County.

## PARTIES

5. **Mr. Gibson** is a natural person residing in the City of Eagle Lake, Polk County, Florida and a *Consumer* as defined by 15 U.S.C. 1681a(c).

6. **Comenity** is a nationally chartered bank, with a primary business address of **12921 South Vista Station Blvd, Suite 400, Draper, UT 84020.**

7. Comenity's Utah Registered Agent is **CT Corporation System, 1108 E. South Union Ave., Midvale, UT 84047.**

## FACTUAL ALLEGATIONS

8. Around May 2016, Mr. Gibson opened a GameStop credit card issued through Comenity.

9. Around this time, Comenity started reporting the account to multiple *Consumer Credit Reporting Agencies* ("CRAs"), including Equifax, Experian and Trans Union.

10. During or around May 2018, Comenity began reporting the account to the CRAs with an *Equal Credit Opportunity Act* ("ECOA") code of "X" or "Deceased."

11. The three major CRAs then flagged Mr. Gibson as deceased because they all have a policy to consider a consumer deceased if even a *single* creditor reports him as such.

12. None of the three CRAs will provide a credit score in connection with any report requested on a consumer who is flagged as deceased and will instead return a report with verbiage stating "NO CREDIT SCORE AVAILABLE – CONSUMER DECEASED" or similar wording.

13. Despite Comenity's reports, Mr. Gibson is not deceased.

14. At the time of this filing, Mr. Gibson is alive, in good health, and has never been reported as "deceased" to any government agency, law enforcement agency, or media company.

15. Mr. Gibson's Social Security number is not present on the Master Death List maintained by the Social Security Administration.

16. Mr. Gibson's full name is Brandon Wayne Gibson.

17. Somehow, Comenity had confused Mr. Gibson with *Brandon James Gibson* of the City of Findlay, Hancock County, Ohio. Before his death on October 11, 2015, Brandon James Gibson had several criminal convictions and many unpaid civil judgments entered against him.

18. In May 2018, Mr. Gibson learned of the erroneous deceased notation in his credit reports when he applied for a loan with Sky Powersports of Lakeland, FL.

19. Sky Powersports obtained Mr. Gibson's Equifax credit report and advised him it could not further process his loan since Equifax indicated that Mr. Gibson was dead, and as such, no credit score was available.

20. Mr. Gibson spoke directly with Comenity about his *faux* demise.

21. Comenity's representative stated they would "look into" the issue and correct its report.

22. Mr. Gibson spent considerable time calling the CRAs and having the erroneous deceased comment removed.

23. Eventually, Mr. Gibson, *vis-à-vis* his calls to the CRAs, was able to get his credit reports corrected to reflect that he was not deceased.

24. However, some time around March 2019, Comenity resumed reporting Mr. Gibson's account with an ECOA code of "X."

25. As a result, the CRAs once again reported that Mr. Gibson was deceased and resumed withholding credit scores from potential creditors and lenders.

26. Most lenders, unable to obtain a credit score, will not approve a consumer for credit who is labeled "deceased." Many lenders are aware that a deceased consumer's Social Security number is frequently used in fraudulent credit transactions.

27. On or about August 21, 2019, Mr. Gibson disputed Comenity's tradeline to Experian, stating that he was not deceased and that the report was false.

28. Experian sent Comenity an *Automated Consumer Dispute Verification* ("ACDV") request through a system known as e-OSCAR and asked Comenity to make a reasonable investigation into the dispute pursuant to the FCRA.

29. Comenity responded to the ACDV request, confirming its tradeline was correct and required no modification, update or deletion.

30. Comenity had no basis to conclude Mr. Gibson was deceased, especially considering that Mr. Gibson had already informed Comenity of its erroneous report.

31. If a furnisher of data to a CRA, like Comenity, confirms disputed information as accurate, "the question of whether the furnisher behaved reasonably will turn on whether the furnisher acquired sufficient evidence to support the conclusion that the information was true." *Hinkle v. Midland Credit Management, Inc.* (11th Cir.) 827 F.3d 1295 (2016).

32. The standard for judging the reasonableness of procedures "is what a reasonably prudent person would do under the circumstances." *Stewart v. Credit Bureau, Inc.*, 734 F.2d 47, 51 (D.C. Cir. 1984).

33. Comenity is a large bank which receives thousands of ACDVs each month.

34. To minimize costs, Comenity instructs its employees responding to ACDVs to quickly compare the information contained in the requesting CRAs file against Comenity's own internal records.

35. On information and belief, Comenity does not authorize its employee to make any actual investigation at all, beyond a *de minimis* comparison of CRA records to Comenity's own records.

36. For this reason, a consumer being reported as "deceased" who rightfully claims he is not dead will have his information confirmed as "accurate" simply because Comenity's own flawed records show as much.

37. No objective, reasonable investigation was made; any reasonable investigation would have determined that a consumer who had: (a) previously contacted Comenity to complain of erroneous "deceased" indicators appearing in Comenity's tradeline; and, (b) was now disputing his own "death" was not, in fact, dead.

38. Comenity's failures were willful and intentional since they were the result of intentional policies put in place to minimize investigation costs, even though the accuracy of the investigations would be impaired.

39. Comenity could easily foresee that reporting Mr. Gibson as "deceased" when he was not would cause significant problems for him.

40. In addition to failing to recognize that Mr. Gibson had not expired, Comenity also failed to update its report to indicate that the information was "disputed by consumer."

41. The failure to report disputed information as disputed in and of itself violates the FCRA; *See Saunders v. Branch Banking and Trust Company of Virginia* 526 F.3d 142 (4th Cir. 2008); *Seamans v. Temple University*, 744 F.3d 853, 864 (3d Cir. 2014), (private cause of action arises under § 1681s2(b) when, having received notice of a consumer's potentially meritorious dispute, furnisher subsequently fails to report that claim is disputed).

42. Mr. Gibson has hired the undersigned law firm to represent him in this matter and is obligated to pay its reasonable fees or has assigned his statutory rights to fees and costs to such firm.

## COUNT I
## VIOLATIONS OF THE FCRA

43. Mr. Gibson adopts and incorporates paragraphs 1 – 42 as if fully stated herein.

44. Comenity violated **15 U.S.C. § 1681s-2(b)** when it failed to make a reasonable investigation after notice of dispute from a CRA, as any reasonable investigation would have concluded that Mr. Gibson was not deceased, and as such, Comenity's reported information was not accurate and complete without deletion of the erroneous ECOA code and other deceased indicators being reported to the CRAs.

45. Comenity violated **15 U.S.C. § 1681s-2(a)(3)** when it failed to report a dispute to all of the CRAs to which it provides information as part of a reasonable investigation after receiving and then responding to Experian's ACDV request.

46. Comenity's actions were either willful and intentional, or alternatively, it acted with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

47. It is reasonably foreseeable that Comenity's actions would cause Mr. Gibson harm.

48. Comenity's actions did cause harm to Mr. Gibson, as he was unable to obtain credit on multiple occasions because of his alleged "deceased" status.

49. As a result of its conduct, Comenity is liable to Mr. Gibson pursuant to the FCRA for actual damages, statutory damages of up to $1,000 for *each occurrence*, and other relief.

**WHEREFORE**, Mr. Gibson respectfully requests this Honorable Court enter judgment against Comenity for:

a. The greater of statutory damages of $1,000 per incident (**$2,000 total**), pursuant to 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1) or Mr. Gibson's actual damages for lost time, loss of credit opportunities and related economic and non-economic injuries;

b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3); and,

c. Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Mr. Gibson demands a jury trial on all issues so triable.

Respectfully submitted on September 9, 2019, by:

> Seraph Legal, P. A.
> */s/ Brandon D. Morgan*
> Brandon D. Morgan, Esq.
> Florida Bar Number: 1015954
> BMorgan@SeraphLegal.com
> */s/ Thomas M. Bonan*
> Thomas M. Bonan, Esq.
> Florida Bar Number: 118103
> TBonan@SeraphLegal.com
> 2002 E. 5th Avenue, Suite 104
> Tampa, FL 33605
> Phone: (813) 567-1230
> Fax: (855) 500-0705
> *Attorneys for Plaintiff*